UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN ENRIGHT,

    Plaintiff,

vs.

PRINCIPAL LIFE INSURANCE COMPANY,

    Defendant.

    _____)

## COMPLAINT

The Plaintiff, John Enright ("ENRIGHT"), by and through the undersigned counsel, hereby sues Principal Life Insurance Company ("PRINCIPAL") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under employee benefits plans regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of employee benefits plans, and to clarify Plaintiff's rights under the employee benefit plans administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. ENRIGHT was at all times relevant a plan participant under Braxton Science & Technology Group, LLC Long Term Disability Plan. ("LTD" Plan).

3. Defendant, PRINCIPAL, is a corporation with its principal place of

business in the State of Iowa, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. PRINCIPAL is the insurer of benefits under the Braxton. LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, PRINCIPAL administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The PRINCIPAL LTD Plan are employee welfare benefit plans regulated by ERISA, established by Braxton under which ENRIGHT was a participant, and pursuant to which ENRIGHT is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of LTD Plan, ENRIGHT is entitled to benefits for the duration of the Plaintiff's disability, for so long as ENRIGHT remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, PRINCIPAL, is authorized to and is doing business within the Southern District of Florida.

### COUNT I:
### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7. ENRIGHT incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, ENRIGHT was an employee or former employee of Braxton and a plan participant under the terms and conditions of the LTD Plan.

9. During the course of ENRIGHT's employment, ENRIGHT became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while

ENRIGHT was covered under the LTD Plan, ENRIGHT suffered a disability, which due to the privacy of same is discussed in great detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

10. Prior to filing for disability ENRIGHT was employed by Braxton as a Software Engineer.

11. Pursuant to the terms of the LTD Plan, ENRIGHT made a claim to PRINCIPAL for LTD benefits under the LTD Plan with an effective date of disability of September 21, 2018.

12. Prior to LTD benefits beginning, a period of short term disability benefits were paid as PRINCIPAL had determined that ENRIGHT would not be able to perform the duties of his pre-disability occupation.

13. The LTD Plan defines disability to mean: You will be considered disabled if, solely and directly because of sickness, injury or pregnancy: During the Elimination Period and the Own Occupation Period, one of the following applies: (a) you cannot perform the majority of the Substantial and Material Duties of your Own Occupation. (b) you are performing the duties of your Own Occupation on a Modified Basis or any occupation and are unable to earn more than 80% of your Indexed Predisability Earnings. After completing the Elimination Period and the Own Occupation Period, one of the following applies: (a) You cannot perform the majority of the Substantial and Material Duties of any occupation for which you are or may reasonably become qualified based on education, training or experience. (b) you are performing the Substantial and Material Duties of your Own Occupation or any occupation on a Modified Basis and are unable to earn more than 80% of your Indexed Predisability Earnings.

14. Own Occupation is defined to mean the Occupation you are routinely

performing when Disability begins. Own Occupation does not mean the specific tasks or job you are performing for the Policyholder or at a specific location.

15. Substantial and Material Duties means the essential task generally required by employers from those engage in a particular occupation that cannot be modified or omitted. If you routinely work on average of 40 hours or more per week, We will consider you able to work the Substantial and Material Duties of an occupation if you are working, or have the capacity to work, 40 hours per week

16. ENRIGHT's claim is currently under the Own Occupation period of disability.

17. Following the Elimination Period benefits would have become payable as of December 20, 2018.

18. On April 22, 2019, PRINCIPAL advised ENRIGHT that it was denying his claim as PRINCIPAL determined he would not be prevented from performing the substantial and material duties of his own occupation.

19. ENRIGHT filed his administrative appeal of the adverse determination of his claim on October 17, 2019.

20. During the course of the appeal review PRINCIPAL scheduled an Independent Medical Examination (IME) to occur on January, 27, 2020, one hundred and two (102) days after the appeal was filed, which was well beyond the time allotted to render a decision on an appeal.

21. ENRIGHT advised PRINCIPAL on January 21, 2020, that he would not undergo the IME.

22. PRINCIPAL then performed a file peer review of the available medical information.

23. Despite support from ENRIGHT's treating provider, the peer review doctor opined that there was a lack of information to support restrictions and limitations that would prevent ENRIGHT from performing his pre-disability occupational duties.

24. On March 12, 2020, PRINCIPAL advised ENRIGHT it was upholding the denial of his claim for LTD Benefits.

25. ENRIGHT has exhausted his administrative remedy.

26. PRINCIPAL breached the LTD Plan and violated ERISA in the following respects:

   a. By failing to pay LTD benefits to ENRIGHT at a time when PRINCIPAL and the LTD Plan knew, or should have known, that ENRIGHT was entitled to those benefits under the terms of the LTD Plan, as ENRIGHT was disabled and unable to work and therefore entitled to benefits.

   b. After ENRIGHT's claim was denied in whole or in part, PRINCIPAL failed to adequately describe to ENRIGHT any additional material or information necessary for ENRIGHT to perfect his claim along with an explanation of why such material is or was necessary.

   c. PRINCIPAL failed to properly and adequately investigate the merits of ENRIGHT's disability claim and failed to provide a full and fair review of ENRIGHT's claim.

27. ENRIGHT believes and alleges that PRINCIPAL wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which ENRIGHT is presently unaware, but which may be discovered in this future litigation and which ENRIGHT will immediately make PRINCIPAL aware of once said acts or omissions are discovered by ENRIGHT.

28. As a proximate result of the aforementioned wrongful conduct of PRINCIPAL under the LTD Plan, ENRIGHT has damages for loss of disability benefits in a total sum to be shown at the time of trial.

29. As a further direct and proximate result of this improper determination regarding ENRIGHT's claims for benefits, ENRIGHT, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), ENRIGHT is entitled to have such fees and costs paid by PRINCIPAL.

30. The wrongful conduct of PRINCIPAL has created uncertainty where none should exist, therefore, ENRIGHT is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, JOHN ENRIGHT prays for relief against Principal Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under

ERISA; and

     6.     Such other and further relief as this Court deems just and proper.

DATED: May 11, 2020.

                                   ATTORNEYS DELL AND SCHAEFER,
                                   CHARTERED
                                   Attorneys for Plaintiff
                                   2404 Hollywood Boulevard
                                   Hollywood, FL 33020
                                   Telephone: (954) 620-8300

                                   __/s/ *Stephen F. Jessup*_____
                                   STEPHEN F. JESSUP, ESQUIRE
                                   Florida Bar No.: 0026264
                                   Email: stephen@diattorney.com